# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE JOE FRANCIS, dba<br>TERRITORY TOWN PAWN,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF<br>ALCOHOL, TOBACCO AND FIREARMS,<br><br>      Defendant. | Case No. CIV-05-380-RAW |

## ORDER and DECISION

Plaintiff brought this action pursuant to 18 U.S.C. § 923(f)(3) for judicial review of the revocation of his Federal Firearms License.

## Background

Plaintiff, Jackie Joe Francis ("Francis"), by his own account, has been a Federal Firearms Licensee for approximately twelve (12) years. Francis held a Federal Firearms License at another location between 1992 and 1998. Doing business as Territory Town Pawn, Francis obtained his current Federal Firearms Licence, in approximately March 1998. Francis owns another business and spends only two or three days per week at Territory Town Pawn. He has one employee who makes many of the transactions at Territory Town Pawn. Beginning on April 14, 2004, Defendant, United States Bureau of Alcohol, Tobacco and Firearms (hereinafter "the ATF") conducted a compliance inspection at Territory Town Pawn. The inspection spanned several months and included multiple visits. The record is clear that during the compliance inspection, the ATF investigators found numerous violations of 18 U.S.C. § 923. On October 13, 2004, the ATF issued a Notice of

Revocation of License to Plaintiff. Plaintiff requested a hearing pursuant to 18 U.S.C. § 923(f)(2), which was subsequently held on February 24, 2005.

At the hearing, numerous violations of 18 U.S.C. § 923 were established. In fact, Francis admitted to many violations. While he did suggest that he was ignorant of a few of his obligations, throughout the hearing, Plaintiff acknowledged that he was aware of his obligations as a Federal Firearms Licensee under 18 U.S.C. § 923 and failed to follow those requirements. With regard to violations found on the ATF forms, Plaintiff acknowledged that there were serious violations on those forms and that he understood the law and regulations with which he must comply. Plaintiff also remembered meeting with Inspector J. Kunkel and signing an Acknowledgment of Federal Firearms Regulations in March 1998. That acknowledgment stated, ". . .the above information pertaining to conduct of business as a Federal Firearms Licensee was explained to me by J. Kunkel. I have received a copy of this for my records as a reference." Plaintiff also stated at the hearing that he possessed a copy of the "green book," otherwise known as the Federal Firearms Regulations Reference Guide.

On July 12, 2005, finding that Plaintiff knew of his obligations, failed to routinely monitor his employee, and willfully violated provisions of 18 U.S.C. § 923, the ATF's Director of Industry Operations issued a "Final Notice of Denial of Application or Revocation of Firearms License" to Plaintiff. Plaintiff received the Final Notice by certified mail on July 16, 2005, and timely filed a petition with this Court for a *de novo* judicial review of the revocation of his license.

## Statute and Standard of Review

Title 18 of United States Code, section 923(f)(3) provides:

If after a hearing held under paragraph (2) the Attorney General decides not to reverse his decision to deny an application or revoke a license, the Attorney General shall give notice of his decision to the aggrieved party. The aggrieved party may at any time within sixty days after the date notice was given under this paragraph file a petition with the United States district court for the district in which he resides or has his principal place of business for a *de novo judicial review* of such denial or revocation. In a proceeding conducted under this subsection, the court may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2). *If the court decides that the Attorney General was not authorized to deny the application or to revoke the license, the court shall order the Attorney General to take such action as may be necessary to comply with the judgment of the court.* (Emphasis added.)

Under this *de novo* review standard, the Court is not required to give deference to the ATF's findings and decision, but may "accord them such weight as [the Court] believes they deserve." *Stein's v. Blumenthal*, 649 F.2d 463, 467 (7th Cir. 1980). Also, the Court "may consider any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the hearing held under paragraph (2)." 18 U.S.C. § 932(f)(3). The Court is not, however, bound to hold an evidentiary hearing. *Stein's*, 649 F.2d at 466. Instead, the Court has discretion to receive additional evidence "when some good reason to do so either appears in the administrative record or is presented by the party petitioning for judicial review." *Id*.

The language in § 923(f)(3) is somewhat ambiguous. That section provides for "*de novo* judicial review," yet limits the Court to deciding only whether the revocation was authorized. In fact, the standard of review is quite narrow. The *de novo* review simply allows the Court to go beyond the evidence considered at the § 923(f)(2) hearing and to make an independent determination, giving no special deference to the ATF, of whether the revocation was authorized.

Other courts analyzing the last sentence of § 923(f)(3) have also found a narrow review standard. For example, the Northern District of Alabama has construed § 923(f)(3) very narrowly:

> [T]he statute only allows the district court to reverse the Attorney General's decision if it finds "the Attorney General was not *authorized* to . . . revoke the license." . . . The language of § 923(f)(3) does not call upon this Court to decide whether it would revoke the license in it's (sic) own judgment, but whether all of the evidence presented is sufficient to justify the Attorney General's revocation of the license.

*Pinion Enterprises, Inc. v. Ashcroft*, 371 F.Supp.2d 1311, 1314-15 (N.D. Ala. 2005) (citation omitted). In the footnote immediately following, the court adds:

> It is important to note that this Court, consistent with the other recent cases addressing § 923(f)(3), is not giving any special deference to the decision of the Attorney General. . . . Cases undoubtedly exist where the Attorney General is authorized to revoke a license and does so, whereas given the same facts and evidence this Court on its own might not have made the same decision. Regardless, as discussed *supra*, the Court's role here is to decide whether the Attorney General's decision to revoke was within it's (sic) legitimate authority, not whether its (sic) was the most prudent exercise of power."

*Id*. n.10 (citation omitted). Citing *Pinion*, the District of Connecticut recently followed the same narrow review standard. *See E&B Sporting Goods v. McCarron*, 2006 WL 417351, at *4 (D. Conn. Feb. 21, 2006).

Similarly, the Eastern District of Wisconsin also found a narrow standard of review under § 923(f)(3):

> the de novo nature of the hearing allows the court to consider any evidence, and the statute does not give any presumption of correctness to the agency decision or its findings of fact. . . . Nevertheless, the court limited the admission of evidence which came into existence after the hearing before the Secretary to evidence introduced for purposes of Rule 404(b), Fed. R. Evid. since the court's review is limited to determining whether the decision made by the Secretary was authorized.

*Cisewski v. Department of the Treasury, Bureau of Alcohol, Tobacco & Firearms*, 773 F.Supp.148, 150 (E.D. Wisc. 1991) (citations omitted). The Seventh Circuit stated in a footnote, "the courts

4

under 18 U.S.C. § 923(f)(3) may only determine whether the Secretary's decision is 'authorized.'" *Stein's*, 649 F.2d 463, 464 n.2 (7th Cir. 1980). The Western District of Oklahoma has stated, "923(f)(3) requires the reviewing court to decide whether 'the Secretary was . . . authorized to deny the application' and imposes a duty upon the court to make an independent determination of the correctness of the Secretary's decision." *Service Arms Co., Inc. v. United States*, 463 F.Supp. 21, 23 (W.D. Okla. 1978). Accordingly, the Court examines all of the evidence anew, giving no special deference to the ATF, to determine whether the revocation of Plaintiff's Federal Firearms License was authorized. In this instance, the Court does not require any additional evidence beyond that in the administrative record to make this determination.

## Analysis

Title 18 of United States Code, section 923(e) provides:

> The Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter or fails to have secure gun storage or safety devices available at any place in which firearms are sold under the license to persons who are not licensees (except that in any case in which a secure gun storage or safety device is temporarily unavailable because of theft, casualty loss, consumer sales, backorders from a manufacturer, or any similar reason beyond the control of the licensee, the dealer shall not be considered to be in violation of the requirement to make available such device.) The Attorney General may, after notice and opportunity for hearing, revoke the licence of a dealer who willfully transfers armor piercing ammunition. The Attorney General's action under this subsection may be reviewed only as provided in subsection (f) of this section.

The record is clear and it is undisputed that Plaintiff violated several provisions of 18 U.S.C. § 923. At his §923(f)(2) hearing, Plaintiff acknowledged violations. Section 923, however, does not define the term "willful." The Court finds guidance in a case cited by Plaintiff in which the Eleventh Circuit stated: "Four of the five circuits that have addressed the matter have concluded that a

5

violation is 'willful' for purposes of § 923 where a firearms dealer 'knew of his legal obligation and purposefully disregarded or was plainly indifferent to the recordkeeping requirements." *Willingham Sports, Inc. v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 415 F.3d 1274, 1276 (11th Cir. 2005) (citations omitted). *See also Stein's*, 649 F.2d at 467.

Francis stated that he has held a firearms license for twelve (12) years. From this fact alone, it can properly be inferred that Plaintiff was well aware of his obligations. *Fin & Feather Sport Shop, Inc. v. United States*, 481 F.Supp. 800, 805 (D.Neb. 1979). This inference is not necessary, however, as Francis stated at his § 923(f)(2) hearing that he knew of his legal obligations. Also, in March of 1998, the ATF instructed Plaintiff as to his obligations, and Plaintiff possessed a Federal Firearms Regulations Reference Guide. While apologetic at the hearing, the record is clear that Plaintiff knew of his obligations, yet was not in compliance with the requirements of a Federal Firearms Licensee under 18 U.S.C. § 923. This shows that Plaintiff was at least plainly indifferent to his obligations. To the extent that Plaintiff's noncompliance was due to the acts of his employee, Plaintiff is chargeable with the conduct and knowledge of his employees. *Id*. at 807; *Stein's*, 649 F.2d at 467-68.

As discussed above, not only does Plaintiff not contest, but he has acknowledged that he violated 18 U.S.C. § 923 and that he knew of his obligations as a licensee thereunder. Instead, Plaintiff argues that the revocation of his license was improper and inconsistent with standard BATF policies and procedures because he was not provided with any pre-revocation sanctions, such as warning letters, directives to attend conferences, assistance and education. He argues that these measures were provided to other licensees and that he is entitled to the same opportunities. While the Court is sympathetic to Plaintiff's position and may not have made the decision to revoke

6

Plaintiff's license under these circumstances, under § 923(f)(3), the Court must decide only whether the revocation was authorized. Furthermore, to the extent that Plaintiff is attempting to assert an equal protection argument, it fails. The evidence does not support an equal protection claim.

Section 923(e) gives the ATF the authority to revoke a license when a licensee has willfully violated any provision of 18 U.S.C. § 923 or any rule or regulation thereunder. Finding no authority to support the proposition that the ATF may not revoke a license pursuant to § 923(e) unless and until it has first provided licensees with warnings or other pre-revocation assistance, the Court construes Plaintiff's argument to be that in order to find "willfulness," there must be repeated violations following warnings. In support of his argument, Plaintiff provided the Court with two cases in which the ATF conducted numerous inspections and issued various sanctions. In *Fin & Feather*, the court stated that the plaintiff, "failed to maintain proper records even after the defendants, on numerous occasions, had pointed out the deficiencies in plaintiff's recordkeeping, the applicable law and regulations and the proper recordkeeping needed to correct such deficiencies. To this Court, this shows that plaintiff, at the least, was plainly indifferent to the recordkeeping requirements of the Act." *Fin & Feather*, 481 F.Supp. at 807. In *Willingham Sports*, the court stated, "a dealer's repeated violations after it has been informed of the regulations and warned of violations does show purposeful disregard or plain indifference." *Willingham Sports*, 415 F.3d at 1277.

While the prior warnings and repeated violations in those cases were ultimately proof of the plaintiffs' willfulness, that they knew of their obligations and either purposefully disregarded or were plainly indifferent to them, those courts did not hold, and it does not logically follow, that repeated violations following warnings are necessary to find willfulness. Here, Plaintiff has

7

admitted that he knew of his obligations under 18 U.S.C. § 923, yet he was not in compliance. The record is clear that there were numerous and serious violations. This shows at the very least a plain indifference. When a previous licensee made a similar argument that he was treated unfairly because the ATF did not give him a second chance, the court rejected his argument, stating: "The ATF is essentially given only two tools of enforcement, the admonitory letter and revocation. There are no fines, no probationary periods, no suspensions. . . . While the petitioner undoubtedly feels the Secretary's decision to revoke his license was excessive or unfair, in light of the petitioner's violations, the decision was authorized." *Cisewski*, 773 F.Supp. at 153. In light of the numerous and serious violations established at the § 923(f)(2) hearing and acknowledged by Plaintiff, and because Plaintiff knew of his obligations and was at least plainly indifferent to them, thus willfully violating 18 U.S.C. § 923, the revocation was authorized. The Court, therefore, must affirm the final revocation.

## **Final Judgment**

The Court finds that the decision to revoke Plaintiff's Federal Firearms License was authorized. Accordingly, the Final Revocation of Plaintiff's Federal Firearms License is hereby AFFIRMED.

IT IS SO ORDERED this 20th day of April, 2006.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma